DUNLOP & ASSOCIATES, PC
Victor A. Dunlop (VAD-8571)
827 E. 21ST STREET
Brooklyn, New York 11210
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

CV 13 - 2497

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JOHN BENNETT,

                Plaintiff,

          -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS JOHN DOES
I, II, and III, in their individual capacities, and
THE NEW YORK CITY DEPARTMENT OF CORRECTION,

                Defendants.
--------------------------------------------------------------------X

**COMPLAINT**
Docket No:

DEARIE, J.
Jury Trial Demanded

SCANLON, M.J.

      Plaintiff JOHN BENNETT, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his complaint against the defendants as follows:

I.      **INTRODUCTION**

1.      This is an action to vindicate the civil rights of John Bennett ("Plaintiff"). Plaintiff contends that defendants falsely imprisoned him and maliciously prosecuted him for crimes that defendants knew, or reasonably should have known, that he did not commit. Indeed, the indictment against Plaintiff was procured by fraud and obtained via reckless disregard for the truth. The criminal proceedings terminated in Plaintiff's favor, were dismissed and sealed pursuant to NY C.P.L. §160.50. However, Plaintiff suffered substantial and irreparable harm as a result of these actions.

II.      **JURISDICTION**

2.      This Court has jurisdiction over this action pursuant to U.S.C. Section 1983. Venue is proper, as the operative events occurred within this judicial district.

3.      Plaintiff, John Bennett, whom at all relevant times resided in Kings County, hereby
sues in and on his own behalf. At all relevant times, he was subject to an illegal search, false
imprisonment and malicious prosecution.

4.      The City of New York is a state actor for 42 U.S.C. Section 1983 purposes. Defendant
City may sue and be sued, and its principle place of business is New York County, New York.
At all relevant times, the City of New York employed the individual defendants listed
hereunder. The City of New York is herein sued for having violated Plaintiff's civil rights
while acting under color of state law and/or acting pursuant to its own practices, customs and
policies.

5.      Police Officer John Does I, II and III, *in their individual capacities*, at all relevant
times, were employed with the City of New York as Police Officers and/or Detectives. At all
relevant times, they acted under the color of state law and pursuant to the practices, policies
and customs of the City of New York. They are herein sued in their individual capacities;
however, their identities are not yet known, and thus, Plaintiff reserves the right to amend the
caption of the Complaint once their names become known.

### IV.     RELEVANT FACTS

6.      Defendants violated Plaintiff's civil rights in the following ways:

a.      On or about May 23, 2007, while legally at his residence located at 356 Maple
Street, Brooklyn, New York 11225, at or around 9:45 PM, members of the New York Police
Department arrested Plaintiff ("Residence").

b.      While Plaintiff was in his Residence, members of the NYPD arrested Plaintiff
upon allegations that he was involved in the sexual assault of a minor, allegations that matured
into formal charges ("Charges").

c.      However, members of the NYPD approached Plaintiff without reasonable
suspicion; subsequently, Plaintiff was detained without founded suspicion and finally, Plaintiff

2

was arrested by the NYPD without probable cause. Defendants did not advise Plaintiff of the nature of his arrest or the allegations supporting his imprisonment.

      d.      Plaintiff was arraigned on the Charges, to which he pled not guilty. Despite being recommended to be released on his own recognizance, Plaintiff was transported to Rikers Island, which is exclusively owned and controlled by the City of New York and held there under the exclusively custody of the City of New York and the New York City Department of Corrections ("NYCDOC").

      e.      As a direct result of the unlawful arrest by the NYPD, Plaintiff was arraigned and plead not guilty to the top count of rape, which is a class B felony, criminal sexual act in the 1st degree and endangering the welfare of a child (the "Charges"), and the Court set bail at twenty-five thousand ($25,000.00) dollars. Plaintiff continued to be held at Rikers Island, in several Dorms, until the Charges were ultimately dismissed for lack of evidence on or about April 21, 2010.

      f.      That upon information and belief, despite Plaintiff consistently and continuously advising the Defendants of his innocence of the Charges and his lack of knowledge of the alleged incident(s) or identity of the alleged victim, the District Attorney's Office, County of Kings presented Plaintiff's case to the Grand Jury, wherein a true bill was ordered.

      g.      On or about June 28, 2007, Plaintiff was compelled to appear before the Supreme Court, County of Kings, to be arraigned on the felony Charges, wherein Plaintiff plead not guilty.

      h.      As a direct result of the unlawful arrest by the NYPD, Plaintiff was compelled to defend himself and in doing so, Plaintiff resided on Rikers Island in several facilities and Dorms, where he was ridiculed, assaulted and made to feel like a common criminal for approximately three (3) years.

      i.      Plaintiff spent three (3) years fighting the Charges and in doing so, he was

3

transported to and from Supreme Court, Kings County between the dates of May 23, 2007 and April 21, 2010. During these three (3) years, Plaintiff was held in several dirty cells and in several dormitories on Rikers Island in the company of criminals who were also accused of committing serious crimes, all to his shame and humiliation. In addition, as a result of the Charges against Plaintiff, members of the New York City Department of Corrections and other inmates assaulted Plaintiff, ridiculed Plaintiff and labeled him as a rapist. Therefore, Plaintiff spent a significant amount of time in solitary confinement.

j.      On or about April 21, 2010, all Charges against Plaintiff were dismissed without explanation; however, as a direct result of the unlawful arrest by the NYPD, the false imprisonment by the NYCDOC and the malicious prosecution by the City of New York, Plaintiff was embarrassed, humiliated, and made to feel like a criminal.

k.      There were serious consequences as a direct result of Plaintiff's three (3) year incarceration.  Specifically, prior to being taken into custody and accused of the Charges, Plaintiff received assistance and services from the Association for the Help of Retarded Children ("AHRC") with regards to receiving food stamps, social security income and social security disability.

l.      During the three (3) years that Plaintiff spent on Rikers Island, he lost his benefits with AHRC. In addition, the Administration of Children Services ("ACS") commenced an action against him to permanently place his three (3) children in foster care.  Subsequently, Plaintiff lost custody of his three (3) children as a result of the ACS action.

7.      Defendants' illegal actions were undertaken pursuant to municipal defendants' customs, practices and policies of sloppily and recklessly investigating criminal activity in the City of New York, of illegally imprisoning and prosecuting individuals based solely on the naked allegation of police officers, without any corroboration or investigation resulting in the level of probable cause necessary to arrest Plaintiff. Further, it is the municipal defendants' practice and policy to continue a prosecution, even after learning of fraud that resulted in coerced statements from Plaintiff and unreliable witnesses.

4

8.     Moreover, Plaintiff's rights with respect to being free of false imprisonment, and malicious imprisonment are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

9.     As a further proximate result of Defendants' illegal acts towards Plaintiff, Plaintiff has suffered severe mental anguish, extreme embarrassment and emotional injury, and pecuniary loss associated with the loss of his benefits from AHRC and the loss of his children to foster care at the hands of ACS.

10.    Individual Defendants' illegal actions were outrageous and were malicious, and they were intended to injure Plaintiff, and they were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages as against all individual Defendants' hereunder.

V.     CAUSES OF ACTION

FIRST CAUSE OF ACTION

11.    Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

12.    The Defendants violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, even after it has become clear that the Grand Jury indictment was procured by fraud. The Defendants coerced the testimony of the alleged victim, an eleven (11) year old, special education student diagnosed with bipolar disease resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are made actionable through 42 U.S.C. §1983.

SECOND CAUSE OF ACTION

13.    Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

14.    The Defendants violated the Fourth Amendment of the United States Constitution when

5

Plaintiff was imprisoned for some three (3) years. This caused Plaintiff to lose the benefits he was receiving from the AHRC and custody of his three (3) children as a result of the ACS action, as well as Plaintiff being terminated from his employment. Plaintiff has not been able to regain custody of his three (3) children, regain benefits from AHRC or find comparable employment since that time. These violations are made actionable through 42 U.S.C. §1983.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

a.  An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b.  An award of punitive damages to be determined at the time of trial as against each individual defendant;

c.  An award of reasonable attorneys' fees and the cost of this action; and

d.  Such other and further relief as this Court may deem just and proper.

e.
DATED:       Brooklyn, New York
             April 17, 2013

                                   DUNLOP & ASSOCIATES, PC


                                   _____
                                   Victor A. Dunlop (VAD-8571)
                                   Attorneys for Plaintiff
                                   John Bennett

                                   Office and P.O. Address
                                   827 E. 21st Street
                                   Brooklyn, New York 11210
                                   (718) 403-9261 Telephone
                                   (614) 455-9261 Facsimile

6